# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# EASTERN DIVISION

NO. 4:12-CV-00193-BR

| | |
|---|---|
| ANTHONY L. MCNAIR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| ) | |
| IRVING JOYNER, ) | |
| ) | |
| Defendant. ) | |

This case has been referred to the undersigned to conduct frivolity review. For the reasons that follow, the undersigned recommends that the complaint be found insufficient to survive review.

Notwithstanding any filing fee paid, the court may review the complaint and dismiss any case that is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. The standard used to evaluate the sufficiency of the pleading is flexible, and a pro se complaint, however inartfully pled, is held to less stringent standards than formal pleadings drafted by attorneys. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). *Erickson*, however, does not undermine the "requirement that a pleading contain 'more than labels and conclusions.'" Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)); *see also*

Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-52 (2009); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010).

Plaintiff Anthony McNair is a well-known litigant in this Court who "has filed more than a dozen actions in this court, the majority of which have been dismissed as frivolous." McNair v. Tarboro Dist. Atty's Office, No. 5:11-CV-122-FL, 2011 U.S. Dist. LEXIS 46922, at *1 n.1 (E.D.N.C. May 2, 2011) (unpublished) (collecting cases). As a result, McNair is now under a pre-filing injunction in this district enjoining him from filing any suit seeking monetary damages for constitutional violations with respect to state court convictions that have not been invalidated as required by Heck v. Humphrey, 512 U.S. 477 (1994), or any suit involving a constitutional challenge to ongoing or recently terminated state court criminal proceedings where the challenge could instead have been brought within those proceedings.

The instant complaint alleges that attorney Irving Joyner represented McNair before the North Carolina Court of Appeals in an appeal of McNair's state criminal conviction. McNair contends that Joyner violated his civil rights by not providing him with a copy of the trial transcript of the underlying criminal case. The complaint seeks monetary and injunctive relief against Joyner pursuant to 42 U.S.C. § 1983.

Although not a source of substantive rights itself, 42 U.S.C. § 1983 creates a species of tort liability and provides "a method for vindicating federal rights elsewhere conferred." Baker v. McCollan, 443 U.S. 137, 144 n. 3 (1979). To state a claim under § 1983, a plaintiff must allege sufficient facts indicating that he was deprived of rights guaranteed by the Constitution or laws of the United States, and that this deprivation resulted from conduct committed by a "person acting under color of state law." West v. Atkins, 487 U.S. 42, 49 (1988). The "under-color-of-state-law element of § 1983," like the Fourteenth

2

Amendment's "state-action" requirement, "excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'" Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (quoting Blum v. Yaretsky, 457 U.S. 991, 1002 (1982)); *see also* Rendell-Baker v. Kohn, 457 U.S. 830, 838 (1982) (noting that § 1983's requirement that a defendant act under "color of law" is treated as the equivalent to the Fourteenth Amendment's "state action" requirement).

Private persons, including court-appointed attorneys, are generally unsusceptible to § 1983 claims. To state a viable claim, a plaintiff must establish three elements: "(1) the deprivation of a right secured by the Constitution or a federal statute; (2) by a person; (3) acting under color of state law." Jenkins v. Medford, 119 F.3d 1156, 1159-60 (4th Cir. 1997). It is well-settled that a "person charged [under 42 U.S.C. § 1983] must either be a state actor or have a sufficiently close relationship with state actors such that a court would conclude that the non-state actor is engaged in the state's actions." DeBauche v. Trani, 191 F.3d 499, 506 (4th Cir. 1999); *see also* Hall v. Quillen, 631 F.2d 1154, 1155-56, n. 2-3 (4th Cir. 1980) (stating that court-appointed counsel does not act under the color of state law for § 1983 purposes).

In the instant case, even assuming that the complaint states a deprivation of plaintiff's rights, McNair fails to demonstrate that Irving is a state actor or that he conspired with state actors. Because Irving is not aligned with the state, McNair cannot maintain his § 1983 claim against Irving. *See* Am. Mfrs. Mut. Ins. Co., 526 U.S. at 50. To the extent McNair may be attempting to assert a malpractice or negligence claim against Joyner, he may seek redress in the appropriate state judicial forum. *See* Thompson v. Prince William Cnty., 753 F.2d 363, 365 (4th Cir. 1985) (district court properly exercised its discretion in declining to exercise pendent jurisdiction over the plaintiff's

state law claims after dismissing the plaintiff's § 1983 claim). Accordingly, the complaint should be dismissed.

For these reasons, the undersigned RECOMMENDS that the complaint be DISMISSED.

SO RECOMMENDED in Chambers at Raleigh, North Carolina on Tuesday, May 28, 2013.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE