UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO: 4:12-CV-00193-BR

| ANTHONY L. MCNAIR, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | ORDER |
| | ) | |
| v. | ) | |
| IRVING JOYNER, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the 28 May 2013 Memorandum and Recommendation ("M&R") of U.S. Magistrate Judge William A. Webb. (DE # 20.) In the M&R, Judge Webb concluded that plaintiff could not maintain this 42 U.S.C. § 1983 action against defendant because plaintiff fails to demonstrate that defendant, plaintiff's court-appointed appellate attorney in state criminal proceedings, is a state actor or conspired with state actors. (Id. at 3.) Accordingly, Judge Webb recommends that plaintiff's complaint be dismissed as frivolous. (Id. at 4.) Plaintiff filed a document on 10 June 2013 which the court construes as an objection to the M&R. (DE # 21.) As such, the court has conducted a *de novo* review of the M&R. See 28 U.S.C. § 636(b)(1).

In his objection to the M&R, plaintiff claims defendant is a law professor at a "North Carolina University" and that he has conspired with the state district attorneys by sending plaintiff's trial transcript to a county district attorney. (DE # 21, at 1-2.) The fact that defendant may be employed as a law professor at a state university does necessarily make him a state actor for purposes of § 1983. In the course of defendant's representation of plaintiff, during which defendant's alleged misconduct occurred, defendant was not acting in his capacity as a law

professor and therefore was not acting under color of state law. See Jenkins v. Strickler, C/A No. 3:11-992-CMC-JRM, 2011 WL 2193323, at *3 (D.S.C. May 12, 2011) (report and recommendation) (concluding that the state public defender's alleged misconduct was not taken under color of state law and thus not subject to suit under § 1983), adopted, 2011 WL 2183498 (D.S.C. June 6, 2011).

Furthermore, the documents submitted by plaintiff with his objection do not show that defendant sent a copy of plaintiff's trial transcript to any district attorney. Rather, they show that (1) as required by North Carolina Rule of Appellate Procedure 7(b)(2), the court reporter provided the transcript to the assistant district attorney who was representing the State of North Carolina on plaintiff's appeal and (2) what defendant served on the assistant district attorney was the proposed record on appeal as required by North Carolina Rule of Appellate Procedure 11. (R. on Appeal, DE # 21-1, at 26, 28, 30; Appellant's Br., DE # 21-2, at 5.)[1] These acts do not constitute conspiracy on the part of defendant with any state actor. Plaintiff's objection to the M&R is OVERRULED, and the court ADOPTS the M&R as its own. This case is DISMISSED as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). The Clerk is DIRECTED to close this case.

This 14 June 2013.

W. Earl Britt
Senior U.S. District Judge

---

[1] The page numbers cited are those generated by cm/ecf.